WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Enrique Vargas Acevedo and Jorge Luis Amaya,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>Frida Gonzales and Walter Salazar,<br><br>　　　　　Defendants. | No. CV-13-01841-PHX-SPL<br><br>**ORDER** |

Before the Court is Defendants' Motion for Appointment of Counsel and Interpreter (Doc. 19). Defendants argue that both counsel and an interpreter should be appointed in this action because they "Don't Speak English" and "don't have a Law[y]er." This case was reassigned to this Court on July 1, 2014. (Doc. 23.)

**A.     Appointment of Counsel**

There is no constitutional right to the appointment of counsel in a civil case. *See Johnson v. U.S. Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991); *Ivey v. Bd of Regents of the Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). "However, a court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (quoting *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004)). *See also* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent *any* person unable to afford counsel") (emphasis added). "When determining whether 'exceptional

circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [litigant] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Palmer*, 560 F.3d at 970 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "Neither of these considerations is dispositive and instead must be viewed together." *Palmer*, 560 F.3d at 970 (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

First, Defendants have not proffered any evidence of indigency in order to merit use of the Court's resources. Second, Defendants have not shown that exceptional circumstances are present that would require the appointment of counsel in this case. Defendants have not demonstrated a likelihood of success on the merits at this early stage, nor have they shown that they are experiencing difficulty in litigating this case because of the complexity of the issues involved. Defendants' filings in this case indicate that they are capable of navigating the proceedings and can sufficiently articulate their arguments to the Court. (*See* Docs. 14, 18.) Defendants are in no different position than many *pro se* litigants. Having failed to show that exceptional circumstances are present, Defendants' request for appointment of counsel will be denied.

### B.   Appointment of Interpreter

Defendants further request a court-appointed interpreter in this action. Again, Defendants have not proffered any evidence of indigency in order to merit use of the Court's resources. Furthermore, Defendants have not shown that this Court has the authority to appoint them an interpreter. "[T]he expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress ...." *Tedder v. Odel,* 890 F.2d 210, 211–12 (9th Cir. 1989) (quoting *United States v. MacCollom,* 426 U.S. 317, 321 (1976)). The Court is unaware of any authority that permits the expenditure of public funds for a court-appointed interpreter in a civil action. The *in forma pauperis* statute does not authorize the expenditure of public funds for court-appointed interpreters. *See* 28 U.S.C. § 1915; *compare* Fed. R. Civ. P. 43(d) (granting discretion to appoint an

interpreter at *trial*). Further, although English may not be Defendants' preferred language, there is no indication that the difficulties imposed by their language limitations preclude them from preparing a defense or communicating with the Court. Defendants have demonstrated sufficient proficiency in the English language through their prior filings. Therefore, Defendants' request for a court-appointed interpreter will also be denied. Accordingly,

**IT IS ORDERED** that Defendants' Motion for Appointment of Counsel and Interpreter (Doc. 19) is **denied.**

Dated this 9th day of July, 2014.

Honorable Steven P. Logan
United States District Judge